signed by him. Defendants now prosecute error to reverse the judgment. Held:

Upon the filing of the referee's report a motion for a new trial should have been made before him and upon its denial a bill of exceptions should have been presented to him for allowance. There was no motion for new trial or bill of exceptions before the referee, and hence this court cannot pass upon the question whether his findings and conclusions are supported by the evidence.

The only question before this court is whether the trial court was justified in entering a judgment of dissolution upon the findings made by the referee. This court finds that the trial court was so justified. No error.

Attorneys—W. J. Geer, for Hunter; Gallinger & McCarron, for Realty Co.

---

## No. 731
### KEVENEY v. STATE.

Ohio Appeals, Henry County
No. 124. March 19, 1923

This opinion has not been published except in Abstract.

### 29—CRIMINAL LAW.

Error—In exclusion of evidence, how may be cured in criminal cases, by subsequent testimony.

Reversal—A second time—11577 GC. applies to civil cases on weight of evidence permitted.

RICHARDS, J.

#### Epitomized Opinion

Keveney was convicted of stealing paint from a paint car. On error proceedings in the Appeals Court the conviction was reversed on the ground that the judgment was against the weight of the evidence. A second trial resulted likewise in a conviction. Error is now prosecuted a second time.

In the trial a witness was called on behalf of Keveney and on cross-examination when asked if he were not under indictment answered affimatively. He was then asked if it were not for obtaining from Keveney porperty stolen from the railroad. This question, over Keveney's objection, was answered in the affirmative. This was error for it involved the inference that Keveney was guilty of larceny. But later Keveney took the stand and on cross-examination admitted that he was under four indictments in another county. This cured the error which could now no longer be prejudicial.

Counsel for State argue that this court cannot reverse the judgment on the weight of the evidence a second time. 11577 GC. which so provides applies to civil cases, and has no reference to criminal proceedings. Judgment affirmed.

Attorneys—Denham, Kirkbride, Wilson & McAbe and D. D. Donovan, for Keveney; J. J. Vanenbroek and W. W. Campbell, for State.

---

## No. 732
### STATE v. RITZLER

Ohio Appeals, Seneca County
No. 124. Feb. 8, 1923

This opinion has not been published except in Abstract.

### 129. CRIMINAL LAW.

"Complaint" in 13049 GC. includes Probate Court—Affidavit may be supplied by Prosecuting Attorney.

CROW, J.

#### Epitomized Opinion

Defendants were prosecuted in the probate court for giving a moving picture exhibition on Sunday in violation of 13049 GC. On error the Common Pleas held that the Probate Court did not have jurisdiction of the prosecution for the reason that 13059 GC. provides that the prosecution shall be "on complaint" and that the word "complaint" compels the prosecution before one of the courts named in 13423 GC., namely a justice of the peace, police judge or mayor.

The State brought error proceedings to the Appeals Court. The defendants contended that if the Probate Court had jurisdiction the prosecution was invalid because the prosecuting attorney himself verified the affidavit. 13443 GC. provides that the prosecuting attorney may file an information in the probate court "upon the proper affidavits being filed therein." Held:

1. The word "complaint" in 13049 GC. is generic and is used to designate an accusation before a justice, police judge or mayor, an information in the Probate Court, or an indictment in the Common Pleas. The Probate Court had jurisdiction in this case.

2. The Prosecuting Attorney may himself supply the affidavit required in 13442 GC.

HUGHES, J. (dissenting).

The requirement of "proper affidvits" in 13443 GC. is not satisfied by an affidavit of the prosecuting attorney.

Attorneys—John L. Lott and Charles E. Derr, for State; Frank T. Dore, Niles & Peters and R. L. DeRan, contra.

---

## No. 733
### WALTBILLIG, Admr., v. BURKE et al

Ohio Appeals, Third District, Crawford County
No. 966. Decided March 23, 1923.

This opinion has not been published except in Abstract.

### 170. ESTATES.

Facts showing that deceased's account in railroad saving fund was part of his estate.

HUGHES, J.

#### Epitomized Opinion

In 1907 Burke, a passenger brakeman on the Pennsylvania R. R. System, became a depositing member of the Employees' Saving Fund of the

Pennsylvania R. R. He later died testate, leaving his wife sole beneficiary under his will. His wife died before his account in this Savings Fund had been paid out by the Company. In his application for membership in this fund, he agreed that in the event of his death, all deposits to his credit should be paid to his wife. According to the rules of the Company all deposits made were withdrawable at any time and were considered as the absolute property of the depositor. This action was brought by the administrator of Burke's wife to recover this sum from Burke's heirs. It was claimed by the administrator that the fund could not be considered as coming from Burke, but as coming directly to his wife under a contract. The lower court, however, held that the fund was a part of Burke's estate. In sustaining the judgment of the lower court, the Court of Appeals held:

1. In view of the nature of the deposit, the fund was property of Burke, and when it passed on to his wife it was still property coming from his estate.

Attoneys—W. J. Geer, for Waltbillig; Scroggs & Monnett and Babst & Glesser, for Burke.

---

No. 734

NOYER v. PICKERING

Ohio Appeals, Third District, Crawford County
No. 945. Decided July 11, 1923

This opinion has not been published except in Abstract.

231. LANDLORD AND TENANT.

Rent—Landlord's right to apply tenant's payment on back rent, where checks for are otherwise specially endorsed.

HUGHES, J.

Epitomized Opinnion

Action to recover alleged blance due for rent. Noyer was conducting a theatre in Pickering's building. The latter allowed a rent reduction of $25 per month for a period of months in dispute. This suit was to recover a claimed balance of $75. Noyer sent Pickering two checks, one for $200 dated Nov. 1, 1920, with an endorsement thereon, "For Nov. 1920 rent." The other for $250 dated Nov. 8, 1920, endorsed "Balance due on rent to Nov. 1, 1920." These two checks were returned to Noyer by Pickering but Noyer again sent them to Pickering who cashed them in February, but the endorsement had been scratched off the $200 check. Pickering gave credit on the back rent to Nov. 1, 1920. In affirming the judgment for Pickering, the Court of Appeals held:

1. There was sufficient evidence to be submitted to the jury for its determination, and the motion to direct a verdict was properly overruled. (The court does not give any reason for affirming the judgment.)

Attorneys—W. J. Schwenck and B. Meck, for Noyer; J. W. McCarron and E. J. Myers, for Pickering.

---

No. 735

FIRST NAT. BANK OF VAN WERT v. COIL et al

Ohio Appeals, Third District, Mercer County
No. 373. Decided April 12, 1923

This opinion has not been published except in Abstract.

250. MECHANICS' LIENS.

Although seller retains title to materials used in construction of building, annexation to the real estate renders them subject to a mortgage on the real estate.

WARDEN, J.

Epitomized Opinion

The National Bank of Van Wert, Ohio, filed an action to foreclose a mortgage on certain land belonging to Coil. To this petition the Portable Elevator Mfg. Company filed a cross-petition alleging that it sold and delivered certain materials to Coil for the construction of a corn crib on his farm. The Elevator Company also claimed that it retained title to this building by contract and thereby tained a lien for the cost of the building. As the lower court held for the defendant, the Bank prosecuted error. In holding that the Portable Elevator Company had no claim as against the corn crib the Court of Appeals held:

1. As the material which went into the crib became part of the real estate, the defendant Manufacting Company lost its claim to the same and also lost any lien which it may have had.

Attorneys—Loree & Kloeb, Conn & Wright, for Bank; Clem V. Hoke. E. L. Bryson and E. E. Jackson for Coil.

---

No. 736

FAIRBANKS v. RIDGEWAY

Ohio Appeals, Third District, Marion County
No. 610. Decided April 11, 1923

This opinion has not been published except in Abstract.

257. MORTGAGES.

Construction of deed as mortgage—Conveyance of property by mortgagee—Where a sale is a nullity broker not entitled to commission—In an accounting mortgagee must be allowed sum spent in investigating mortgagor's interest in premises.

BY THE COURT.

Epitomized Opinion

This was an action by plaintiff to regain title to certain premises. As the defendant loaned the plaintiff certain money, the plaintiff made a conveyance of certain property to the defendant as security. This conveyance was in the form of deed rather than as a mortgage. During the pendency of the action, the defendant attempted to sell the premises. The defendant, in his answer asked for an accounting. The Court of Appeals held:

1. That the written instrument should be construed as a mortgage and not as a deed.

2. That the attempted conveyance by defendant did not divest plaintiff of his equity of redemption