Marshall, C. J.
 

 The funds which were employed in the purchase of the 25 shares of stock having been jointly owned by James and Letitia Hutchison, which funds were subject to withdrawal by either, the act of purchase and the direction to the Cleveland Electric Illuminating Company to issue the stock in their joint names as tenants in common of undivided equal interests, with right of survivor-ship, became a contract between the parties, having the essential elements of lawful subject-matter and valid consideration. It is quite certain that ¿he parties intended to contract, and, inasmuch as the transaction was permitted to remain undisturbed for a period of two years before the death of James, it must be presumed that Letitia Hutchison knew of the use of her funds, and that she was fully consenting to the title to the stock being taken as it was in fact taken. The contract, therefore, fully meets
 
 *545
 
 the requirement of mutuality. The contract having been fully executed, and the period of two years having elapsed, all presumptions, in the absence of contrary proof, will be indulged in favor of delivery, consideration, and compliance with law. The transaction must be viewed by the courts at this time as though the parties had previously entered into a formal written executory agreement between themselves for a consideration furnished by them equally to purchase the stock, and that each intended to grant to the other an equal present interest in the purchase, and that each intended that the other should acquire the right to succeed to the interest of the other at the death of the other. The problem is therefore reduced to the simple question whether the parties- have used apt language to express their purpose, and, if so, whether the contract is valid and enforceable under the laws of this state.
 

 It would be difficult to frame language which would be more apt, and which would more clearly express an intention by each of the parties to make an irrevocable grant of his undivided one-half interest in the stock to the other, to take effect upon the death of either.
 

 In determining whether a grant intended to take effect upon the death of the grantor is enforceable, we must consider the elements which enter into the transaction. The Court of Appeals was of the opinion that it was an ineffectual effort to make a testamentary disposition. If each of the parties intended to make a gift to the other, unsupported by a consideration, and if the donor retained control over the property in such manner as to be able to recall it at any time during life, and if the claim
 
 *546
 
 of the donee rested solely upon such revocable, but unrevoked, gift, we would agree with the conclusions reached by the Court of Appeals. If, on the other hand, this was an agreement supported by an adequate consideration, with complete mutuality, and if neither could have revoked or recalled the grant during lifetime without the consent and concurrence of the other, then a very different question is presented for our determination.
 

 It would not be controverted that either a gift or a grant could have been made to them by a third person, either of real or personal property, either by deed or by will, to be owned by them jointly as tenants in common, with a gift or grant of survivor-ship. Such a provision is a very familiar one in wills and is uniformly enforced. It is occasionally, though less frequently, found in deeds, and no. case is found of a refusal by any court to enforce such a provision.
 

 If by an irrevocable agreement the stock had been conveyed to a trustee to hold until the death of one of the parties, the beneficial interest to be enjoyed by them during their joint lives, with right of survivorship, no question would be made of its validity. If James and Letitia Hutchison had by their agreement purchased these shares of stock, and had directed the corporation to issue the shares in the name of a trustee, or any third person, for their benefit, the profits thereof to be paid to them jointly during their lives, with right of survivorship, no question would be made.
 

 If these particular certificates of stock had been placed in the possession of a mutual friend, to be held by him during the joint lives of both, and to
 
 *547
 
 be delivered to the survivor, no question would have been made. All these things being conceded, the only remaining question is the right to contract with each other concerning their 'own property, without the intervention of a trustee, and without employing a custodian, and to make an irrevocable grant, to take effect after death, without the formalities of a last will and testament. James and Letitia Hutchison were husband and wife, but this fact presents no additional difficulties, because there is .unlimited freedom of contract, and no reason is perceived or has been suggested why husband and wife may not grant to each other that which a third party might lawfully grant to them. The only virtue of a trusteeship would be to perfect a delivery and place the gift or grant beyond the recall of the donor or grantor. The purpose of requiring statutory formalities in the execution of a last will and testament is to protect estates from fraudulent claims of persons asserting gifts and grants to take effect after death. The statute of wills is in many essential respects similar in its' purposes to the statute of frauds and perjuries. A will is wholly unnecessary, if there is an irrevocable delivery of possession, or a grant of a vested interest, which cannot be revoked without the concurrence and consent of the grantee.
 

 The opinion of the Court of Appeals stresses the fact that from the date of the joint purchase of the stock Letitia Hutchison had no control over the one-half interest of James, and no right to the enjoyment thereof during his lifetime. While this is true, and while it is equally true that James might have made a disposition of the profits and dividends
 
 *548
 
 upon the stock during his lifetime, he had by his agreement placed beyond recall the title to the property after his death, unless by surviving his wife he should be advantaged by the contract she had concurrently made in his favor. The view of the transaction taken by the Court of Appeals ignores the survivorship clause in the contract itself. James Hutchison had no interest in the certificate, or the stock represented by it, which he could have indorsed to his wife, except the dividends accruing thereon during his lifetime. The stock itself and the dividends thereon beyond his lifetime could not have been indorsed by him to a third person without her consent. The fact that the certificate was in his possession and custody is relatively unimportant. It was little more than a “scrap of paper.” It might have been lost or destroyed, but the records of the corporation would still have disclosed their joint ownership and right of survivorship.
 

 The claims of Letitia Hutchison are strengthened by Section 8673-21, General Code. That section provides that the person to whom a certificate was originally issued is the person appearing by the certificate to be the owner thereof, and that such person shall continue to be the apparent owner until and unless he indorses the certificate to another specified person. In the nature of things they could not both have actual physical custody of the certificate. Many courts have dealt with this proposition, and have held that the possession of the one is the joint possession of both.
 
 Sparks
 
 v.
 
 Hurley,
 
 208 Pa., 166, 57 A., 364, 101 Am. St. Rep., 926;
 
 Washington Trust Co.
 
 v.
 
 Thomas,
 
 (R. I.), 107 A., 203;
 
 Thomas
 
 v.
 
 Thomas,
 
 70 Colo., 29, 197 P., 243;
 
 Hotaling
 
 
 *549
 

 v
 
 .
 
 Hotaling,
 
 187 Cal., 695, 203 P., 745;
 
 East Rutherford Building & Loan Assn.
 
 v.
 
 McKenzie,
 
 87 N. J. Eq., 375, 100 A., 931.
 

 In the case last above cited the issue was squarely-joined as to whether there was a sufficient delivery of certificates of stock issued in the name of joint owners, where the stock certificates were delivered to only one of the joint owners. Upon this point the court stated: “A delivery to one of two joint tenants must in the nature of things be a delivery to both. This would undoubtedly be true of tenants in common, where it is the undoubted rule that the possession of one is the possession of all. That is undoubtedly the rule with respect to real estate
 
 (Foulke
 
 v.
 
 Bond,
 
 12 Vr., 527), and, other things being equal, the same rule would apply to personal property.”
 

 It is pertinent in this controversy to inquire whether the interest of Letitia Hutchison in the stock became vested at the time of its purchase. We have no difficulty, in resolving this inquiry in the affirmative. A vested remainder is any fixed interest to take effect in possession upon the determination of a particular estate. When the event on which the preceding estate is limited must happen, and when it also may happen, before the expiration of the estate limited in remainder, that remainder is vested. The rule was thus declared in 4 Kent’s Commentaries, pages 202 and 203, and has been declared in substantially the same language in a large number of cases. It is stated in 2 Washburn on Real Property (6th Ed.), Section 1541, that “no degree of uncertainty as to the remainderman’s ever enjoying his remainder will render it contin
 
 *550
 
 gent, provided he has, by the limitation, a present absolute right to enjoy the estate the instant the prior estate shall determine. ’ ’
 

 Nearly all definitions of vested remainders are found in the law of real estate, but the rule of interpretation, as well as the rule of property, must be the same'.
 

 The principal contention in jfche arguments of counsel relates to the right of contract for survivorship in Ohio. It may be broadly stated that title to either real or personal property by technical joint tenancy is not recognized in this state; that is to say, joint tenancy, with the necessary attributes of unity of interest, title, time, and possession, and the equally necessary concomitant of
 
 jus accrescendi,
 
 is no longer recognized, and wherever the expression “joint tenancy” is found, without any effort to expressly provide for survivorship, it is uniformly construed as a tenancy in common. In many states of the Union statutes have been passed abolishing joint tenancy. No such statute has ever been enacted in Ohio, but early in the history of our state a statute was enacted (1 Chase’s Stats., 194) which gave the right of partition among joint tenants. Inasmuch as there could be no partition where the estate of all joint tenants except the last survivor would necessarily terminate at death, there was nothing to be aparted. In harmony with this provision of the statute, this court has many times declared that technical joint tenancy in Ohio does not exist.
 
 Williams
 
 v.
 
 First Presbyterian Soc.,
 
 1 Ohio St., 478;
 
 Wilson and Marsh
 
 v.
 
 Fleming,
 
 13 Ohio, 68;
 
 Sergeant
 
 v.
 
 Steinberger, 2
 
 Ohio, 305, 15 Am. Dec., 553;
 
 Tabler
 
 v.
 
 Wiseman, 2
 
 Ohio St., 207;
 
 *551
 

 Farmers’ & Merchants’ Nat. Bank
 
 v.
 
 Wallace,
 
 45 Ohio St., 152, 12 N. E., 439.
 

 It is true that in
 
 Miles’ Lessee
 
 v.
 
 Fisher,
 
 10 Ohio, 1, 36 Am. Dec., 61, survivorship was recognized, but that was an instance of a devise having been made in trust, and the trustees were necessarily held to have the right to survive upon the death of their cosureties. All of those cases involved grants containing no express words of survivorship.
 

 It does not follow from the foregoing authorities that parties may not contract for a joint ownership, including the right of survivorship, where such right is intended, and where the operative words of the grant clearly express that intention. The Legislature of this state has never so declared, neither has this court ever so held. On the contrary, in the case of
 
 Lewis
 
 v.
 
 Baldwin,
 
 11 Ohio, 352, Mrs. Baldwin conveyed land to a trustee, who in turn reconveyed the land to her and her husband, which deed contained the following habendum clause: The said “Charles R. and Mary Jane Baldwin,- to them jointly, their heirs and assigns, and to the survivor of them, his or her separate heirs and assigns.” The husband survived, and the court held that he took the entire estate as such survivor. It was contended in that case, as it is contended in the instant case, that the instrument created a tenancy in common. But the court declared: ‘ ‘ He holds title, not upon the principle of survivorship, as an incident to a joint tenancy, but as grantee in fee, as survivor, by the operative words of the deed.”
 

 Joint tenancy was the product of feudalism, and that character of tenure was favored, because it tended to combine or unite the feudal service, and
 
 *552
 
 to consolidate the tenure, and to strengthen the military service growing out of that tenure. With the passing of the feudal system, joint tenancy came to be regarded with as little favor in England as in this country. In England, as in America, courts of law and equity will construe expressions in a conveyance as importing a condition in favor of a tenancy in common, rather than a joint tenancy, and effect will be given accordingly. Manifestly no such latitude of interpretation can be permitted, where the terms of a gift or grant clearly give a right of survivorship. If a joint tenancy is expressed, without words of survivorship, under the unbroken line of authorities in Ohio, it will be considered as a tenancy in common. If, on the other hand, a donor or grantor, by the. operative words of the gift or grant, clearly expresses an intention to give the right of survivorship, such words will not be disregarded. In
 
 Lewis
 
 v.
 
 Baldwin, supra,
 
 the grantor employed the expedient of a trustee. That expedient was probably necessary at that time (1842), but is certainly not necessary in Ohio since the statute of 1887, giving husband and wife right to contract with each other (Section 7999, General Code; 84 Ohio Laws, 132).
 

 It follows from the foregoing discussion that Letitia Hutchison holds the entire estate in the stock, and the judgment of the Court of Appeals must be reversed.
 

 Judgment reversed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.