Day, J.
 

 The dominant question is whether a joint and survivorship deposit account belongs to'the estate of its creator or to the surviving joint depositors.
 

 In Ohio, a surviving joint depositor has a right to the proceeds of a joint and survivorship bank account, not as an incident to joint tenancy, which is not recognized in Ohio
 
 (Sergeant
 
 v.
 
 Steinberger, 2
 
 Ohio, 305, 15 Am. Dec., 553;
 
 Wilson and Marsh
 
 v.
 
 Fleming,
 
 13 Ohio, 68;
 
 Tax Comm.
 
 v.
 
 Hutchison,
 
 120 Ohio St., 361, 166 N. E., 352;
 
 In re Estate of Hutchison,
 
 120 Ohio St., 542, 166 N. E., 687), but arising out of the contract of deposit.
 

 “While joint tenancy with the incidental right of
 
 *380
 
 survivorship does not exist in Ohio parties may nevertheless contract for a joint ownership with the right of survivorship and at the death of one of the joint owners the survivor succeeds to the title to the entire interest, not upon the principle of survivorship as an incident to the joint tenancy but by the'operative provisions of the contract.”
 
 In re Estate of Hutchison, supra,
 
 paragraph 2 of the syllabus.
 

 .The contract of deposit need not be in any particular form. Any instrument in writing, properly executed, which evidences a meeting of the minds of the parties thereto, is sufficient.
 

 “The agreement, though executed on a form furnished by the bank for its own protection, is operative and valid between the parties. ’ ’ 5 Zollmann, Banks and Banking, 244, Section 3223. To the same effect,
 
 Kennedy, Admr.,
 
 v.
 
 McMurray,
 
 169 Cal., 287, 146 P., 647, Ann. Cas. 1916D, 515.
 

 The signature card accepted by the bank, which was signed by the three joint depositors, and the passbook constitute the contract of deposit in the instant case. The money deposited by Frances Schmitt was, at her request, placed to the general joint account of herself, her brother Theodore, and her sister Catherine, and made “payable to either or the survivor.” Upon acceptance of the deposit, title to the money as specie passed from Frances Schmitt to the bank. By placing the deposit to the general joint account of Frances Schmitt, Theodore J. Schmitt and Catherine Flueck, the bank became their debtor, and they, in turn, became the bank’s creditors to the extent of the amount of the deposit.
 

 “* * * the particular form of deposit found in this case was a general deposit account, into which Green paid his money from time to time, to be repaid on demand, in whole or in part, as called for, in current money. In this kind of deposit the title to the money deposited passes to the bank from the depositor. The
 
 *381
 
 depositor is not entitled to have the identical thing deposited returned to him, but the bank becomes the depositor’s debtor in the amount of the deposit. ”-
 
 Cleveland Trust Co.
 
 v.
 
 Scobie, Admr.,
 
 114 Ohio St., 241, at 247, 151 N. E., 373, 48 A. L. R., 182; citing as supporting authority, 7 Corpus Juris, 628;
 
 Treasurer of Fayette County
 
 v.
 
 Peoples & Drovers’ Bank,
 
 47 Ohio St., 503, 25 N. E., 697, 10 L. R. A., 196;
 
 Cincinnati, Hamilton & Dayton Rd. Co.
 
 v.
 
 Metropolitan Natl. Bank,
 
 54 Ohio St., 60, 42 N. E., 700, 31 L. R. A., 653, 56 Am. St. Rep., 700;
 
 Covert
 
 v.
 
 Rhodes,
 
 48 Ohio St., 66, 27 N. E., 94;
 
 Bank of Marysville
 
 v.
 
 Windisch-Muhlhauser Brewing Co.,
 
 50 Ohio St., 151, 33 N. E., 1054, 40 Am. St. Bep., 660. The deposit transaction being completed, the contract of deposit became executed. An executed contract requires no consideration to give it effect.
 
 Cleveland Trust Co.
 
 v.
 
 Scobie, Admr., supra,
 
 citing 5 Corpus Juris, 930, and note.
 

 Under this contract of deposit Frances Schmitt created and vested in Theodore and Catherine,
 
 in praesenti,
 
 a joint interest in the deposit, equal to her own, with unlimited right to draw upon it during their mutual lives, and with a survivorship right in the entire balance upon the death of one or more of the joint depositors. Upon the death of Frances Schmitt the entire balance of the account passed to the survivors, Theodore J. Schmitt and Catherine Flueck. Consequently, the executor of the estate of Frances Schmitt, deceased, is devoid of any right whatever to any portion of this fund.
 

 ""A joint and survivorship account entered into by and between two or more parties “is a contract
 
 inter vivos,
 
 carrying a present, vested interest, and can in no wise be affected by the laws of descent and distribution.”
 
 Oleff, Admr.,
 
 v.
 
 Hodapp, Gdn.,
 
 129 Ohio St., 432, 195 N. E., 838, 98 A. L. R., 764.
 

 “When a joint deposit agreement with a survivor-ship clause is executed, the deposit vests in the sur
 
 *382
 
 vivor without regard to any prior ownership of the fund.” 5 Zollmann, Banks and Banking, 241, Section 3222.
 

 . Counsel for the executor lays much stress upon the fact that the passbook was at all times in the exclusive possession of decedent. However, exclusive possession of the passbook by the creator of the account is a material circumstance but not decisive of the rights of the parties concerned. 5 Zollmann, Banks and Banking, 243, Section 3223.
 

 There were three joint depositors in this case and only one passbook. Conceivably, it was physically impossible for all three to have manual possession of one passbook at the same time.
 

 “The retention of the exclusive possession and control of the passbook and the right to draw out all the money and thus destroy the account have been held not to be decisive of the question of intent or of the joint ownership of the deposit and final ownership of the survivor * *
 
 Ill. Tr. & Sav. Bank
 
 v.
 
 Van Vlack,
 
 310 Ill., 185, 192, 141 N. E., 546.
 

 To the same effect,
 
 Kelly
 
 v.
 
 Beers,
 
 194 N. Y., 49, 86 N. E., 980, 128 Am. St. Rep., 543;
 
 Kennedy, Admr.,
 
 v.
 
 McMurray, supra; Blick
 
 v.
 
 Cockins,
 
 252 Pa., 56, 97 A., 125;
 
 Negaunee National Bank
 
 v.
 
 LeBeau,
 
 195 Mich., 502, 161 N. W., 974, L. R. A. 1917D, 852;
 
 Marston
 
 v.
 
 Ind. Tr. Co.
 
 (R. I.), 107 A., 88;
 
 McLeod
 
 v.
 
 Hennepin County Savings Bank,
 
 145 Minn., 299, 176 N. W., 987.
 

 “Delivery of the bank book would not be essential since the contract takes the place of the delivery ordinarily required.
 
 Perry
 
 v.
 
 Leveroni,
 
 252 Mass., 390, 393, 147 N. E., 826;
 
 Holyoke National Bank
 
 v.
 
 Bailey,
 
 273 Mass., 551, 554, 174 N. E., 230;
 
 Barnes
 
 v.
 
 Chandler,
 
 277 Mass., 395, 399, 178 N. E., 735. Furthermore, a transfer of this nature is not a gift of the deposit as such, but rather a gift of the interest therein created by the contract.
 
 Chippendale
 
 v.
 
 North Adams Savings Bank,
 
 222 Mass., 499, 501-503, 111 N. E., 371;
 
 Splaine
 
 
 *383
 
 v.
 
 Morrissey,
 
 282 Mass., 217, 221, 184 N. E., 670;
 
 Bedirian
 
 v.
 
 Zorian,
 
 287 Mass., 191, 196, 191 N. E., 448.”
 
 Goldston
 
 v.
 
 Randolph,
 
 — Mass., —, 199 N. E., 896, 103 A. L. R., 1117.
 

 There are authorities holding to the contrary, but we are not convinced to their view.
 

 The intention of decedent with respect to the fund governs. Such intention was clearly expressed in her written contract of deposit and cannot now be made an issue in the case. Oral testimony to contradict such written expression of intention is incompetent and presents no issue of fact thereon to the jury for determination.
 

 The Supreme Court of Illinois in
 
 Ill. Tr. & Sav. Bank
 
 v.
 
 Van Vlack, supra,
 
 in an action to determine the ownership of a joint savings bank deposit made under an agreement payable to undersigned jointly and severally, or on the order of either of the undersigned whether the other be living or not, and that it should be “payable to and upon the joint and several orders of the undersigned or either of them or the survivor of them,” held that evidence of the inconsistent words or acts of the parties' was not competent.
 

 We hold, therefore, that the trial court did not err in directing a verdict against the executor.
 

 Judgment of the Court of Appeals reversed and judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Jones, Matthias, Zimmerman, Williams and Myers, JJ., concur.