Matthias, J.
 

 The primary and paramount question of law presented for our consideration and decision in this case may be very concisely stated. It is as follows:
 

 Where a husband and wife have each deposited money in a common fund in a financial institution with a stipulation that it is payable to either or to the survivor, do such funds, upon the death of the husband, pass to the surviving wife “by deed of gift” and, upon the death of the latter, is distribution, governed and controlled by provisions of Section 10503-5, General Code, commonly known as the half- and-half statute?
 

 The record in this case discloses that all the items
 
 *300
 
 in controversy, consisting of notes, certificates and deposit accounts, according to appropriate recitals accompanying them, thus bearing their own evidence as to ownership, were the property of Anthony "Waller and Mary Waller. They were specifically made payable to either or the survivor. These deposits, whether evidenced by notes, certificates or savings account books, had commenced in 1923 and continued until approximately the time of the death of Anthony Waller in 1935. It appears, however, that the parties, had joint and survivorship accounts beginning as early as 1914; but connection between those accounts and the items in question here is not disclosed by the! record.
 

 During those years, Anthony Waller had income by way of salary and otherwise, and Mary Waller had realized about $1,800 from inherited property. Neither the contributions each made to the common fund nor the proportion of the total amount is' disclosed by the record, and no presumption is to be indulged other than that each contributed a portion of each of the funds. It follows, then, that the portions furnished by each constituted a valuable consideration for the portions furnished by the other. A contract relation was established which was supported by mutual considerations. The rights of the parties were determined and fixed by contract at the time the deposits were made pursuant thereto, and death does not abrogate the rights of the parties arising from such contract.
 
 Cleveland Trust Co.
 
 v.
 
 Scobie, Admr.,
 
 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182;
 
 In re Estate of Hutchison,
 
 120 Ohio St., 542, 166 N. E., 687;
 
 Oleff, Admr.,
 
 v.
 
 Hodapp, Gdn.,
 
 129 Ohio St., 432, 195 N. E., 838;
 
 Sage, Exr.,
 
 v.
 
 Flueck,
 
 132 Ohio St., 377, 7 N. E. (2d), 802;
 
 In re Estate of Fulk,
 
 136 Ohio St., 233, 24 N. E. (2d), 1020;
 
 Deal’s Admr.
 
 v.
 
 Merchants’ & Mechamos’ Savings Bank,
 
 120 Va., 297, 91 S. E., 135;
 
 Chippendale
 
 v.
 
 North Adams Savings Bank,
 
 222 Mass.,
 
 *301
 
 499, 111 N. E., 371;
 
 New Jersey Title Guarantee & Trust Co., Exr.,
 
 v.
 
 Archibald,
 
 91 N. J. Eq., 82, 108 A., 434;
 
 Kennedy, Admr.,
 
 v.
 
 McMurray,
 
 169 Cal., 287, 146 P., 647; 7 American Jurisprudence, 299, Section 425.
 

 Where such deposits are no longer subject to being divested by one of the depositors, the survivor, by virtue of the specific provisions of the contract, becomes the sole owner thereof. In this instance, therefore, Mary Waller took the property in question upon the death of her husband, not by devise, bequest, inheritance or by deed of gift, but under and by virtue of the contract. The holding of this court as announced in the syllabus in the case of
 
 In re Estate of Hutchison, supra,
 
 is applicable here:
 

 “While joint tenancy with the incidental right of survivorship does not exist in Ohio parties may nevertheless contract for a joint ownership with the right of survivorship and at the death of one of the joint owners the survivor succeeds to the title to the entire interest, not upon the principle of survivorship as an incident to the joint tenancy but by the operative provisions of the contract.”
 

 The decision of this court in the case of
 
 Tax Commission
 
 v.
 
 Hutchison,
 
 120 Ohio St., 361, 166 N. E., 352, has been referred to as inconsistent with the view above expressed. But, as there held, it is only by reason of the specific provisions of Section 5332, General Code, that the fund constituting a joint and survivorship account was subjected to the inheritance or succession tax.
 

 We are in accord with the view that the automobile in question, the bill of sale of which was in the name of Anthony Waller, as was also the automobile license at the time of his death, passed to Mary Waller by bequest under the general terms of the will of Anthony Waller, and is subject to the provisions of Section 10503-5, General Code, but, for the reasons herein-before stated, find that the majority of the Court of
 
 *302
 
 Appeals was in error in holding that the provisions of Section 10503-5, General Code, control or affect the distribution of the funds evidenced by bank savings deposits, the certificates of deposit, shares of stock and notes in question. In the respect stated, the judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman and Hart, JJ., concur.