Turner, J.,
 

 dissenting. Heretofore this court has considered that a joint bank deposit payable to the survivor did not amount to a testamentary disposition in case of the death of the creator of the account, on the theory that
 
 at the inception of the deposit a contract was entered into beUueen the persons to whom the deposit was made payable.
 
 Tenuous as is that theory, I would now find no fault with following that theory under the doctrine of
 
 stare decisis,
 
 if there had been even the most informal contract between the joint payees to support the holding.
 

 This bourt has followedthe'f oregoing contract theory in a number of cases. However, in the instant case the court goes a-step further than the holding in any prior Ohio case and bases its decision upon the
 
 contract of deposit between the building association and the creator of the deposit.
 

 This contract theory was first laid down by this court in the case of
 
 Cleveland Trust Co.
 
 v.
 
 Scobie, Admr.,
 
 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182. In that case, the non-depositing joint payee was
 
 *278
 
 notified in writing of the creation of the joint interest and assented thereto in writing. In the instant case such joint payee was not to be notified until after the death of the one creating the deposit. This non-depositing joint payee had no knowledge of the deposit until after the death of the creator of the deposit.
 

 While the language of the opinion in the
 
 Scobie case, supra,
 
 places the decision of that case upon the theory of a contract between the joint payees whereby the depositor created a present interest in the non-depositor, or joint payee, yet nearly all of the authorities cited were decided upon the theory that when the deposit was made a completed gift of a present interest to the joint payee had been effected.
 

 In the case of
 
 In re Estate of Hutchison,
 
 120 Ohio St., 542, 166 N. E., 687, this court held, in the second branch of the syllabus: “While joint tenancy with the incidental right of survivorship does not exist in Ohio
 
 parties may nevertheless contract
 
 for a joint ownership with the right of survivorship and at the death of one of the joint owners the survivor succeeds to the title to the entire interest, not upon the principle of survivorship as an incident to the joint tenancy
 
 but by the operative provisions of the
 
 contract(Italics mine.)
 

 In the case of
 
 Oleff, Admr.,
 
 v.
 
 Hodapp, Gdn.,
 
 129 Ohio St., 432, 195 N. E., 838, this court held, in the first branch of the syllabus: “A joint and survivorship account entered into
 
 by and between two parties,
 
 as provided by Section 9648, General Code, is a contract
 
 inter vivos,
 
 carrying a
 
 present, vested interest,
 
 and can in no wise be affected by the laws of descent and distribution.” (Italics mine.) Section 9648, General Code, is merely for the protection of the financial institution.
 

 In the case of
 
 Sage, Exr.,
 
 v.
 
 Flueck,
 
 132 Ohio St., 377, 7 N. E. (2d), 802, this court flatly places its decision on the contract theory and in the first branch
 
 *279
 
 of the syllabus held: “Where a joint bank account is, by the creator thereof, made 'payable to either or the survivor,’ the right of survivorship vests in the joint depositors by virtue of contract.”
 

 In the case of
 
 In re Estate of Fulk,
 
 136 Ohio St., 233, 24 N. E. (2d), 1020, Judge Myers said, at page 239: “The issue here concerns
 
 not tine bcmk
 
 but the contractual relationship of John and Ida Fulk with each other. * * * John Fulk takes by virtue of the contract.
 
 He and Ida Fulk were joint promisees,
 
 each agreeing that the other could withdraw the entire amount.” (Italics mine.)
 

 The latest expression of this court on the subject is to be found in the case of
 
 Berberick
 
 v.
 
 Courtade,
 
 137 Ohio St., 297, 28 N. E. (2d), 636, wherein this court held: “Where a husband and wife have each deposited money in a common fund in a financial institution with a stipulation that it is payable to either or the survivor, such funds, upon the death of the husband, pass to the surviving wife
 
 by virtue of the contract,
 
 and not 'by deed of gift’ and, upon the death of the latter intestate, the distribution thereof is not governed and controlled by Section 10503-5, General Code, commonly known as the half-and-half statute.” (Italics mine.)
 

 In conformity with the foregoing holdings of this court, the financial institutions of this state have provided form agreements which they stamp upon the certificate of deposit or the signature card and cause the joint payees to sign such contract.
 

 In the instant case the record shows that upon issuing the certificate the building association stamped the following up the back thereof:
 
 “We
 
 agree either may draw, and balance at death of either shall be payable to survivor.
 
 Each transfers to the other a present equal undivided interest in this account and all additions thereto,
 
 for our respective lives, balance to the survivor.” (Italics mine.) However, this agreement form was not executed by either of the joint payees
 
 *280
 
 and consent cannot be presumed and the laws governing testamentary disposition of property thus avoided. It cannot be assumed as a universal proposition that a third person will accept such benefit.
 

 Appellant concedes that if the foregoing agreement had been signed by the joint payees the holding of the Court of Appeals would have been correct under the theory of the
 
 Scobie
 
 and later cases above cited.
 

 While this court has specifically rejected the gift theory, I would be willing to join in an affirmance of the Court of Appeals if there were ■ present in this record the elements necessary to show a completed gift. It cannot be argued that the building association was the agent of the beneficiary-payee for the purpose of receiving delivery of the gift. The building association was the agent of the creator of the fund in the holding of the certificate in the passbook which had been left with the building association for safekeeping.
 

 Counsel for the appellee urge the theory that the deposit in this case amounted to a contract for the benefit of a third party and cite the case of
 
 Mabley & Carew Co.
 
 v. Borden, 129 Ohio St., 375, 195 N. E., 697. The
 
 Borden case
 
 not only lacks similarity in facts but the question of testamentary disposition is nowhere involved in that case. Granting, for argument’s sake, that the deposit in the instant case did create a contract for the benefit of a third party, the record discloses clearly that there was no present or vested interest in the deposit which the third party acquired at the time of the deposit. The interest, if any, created was a future interest to ripen upon the death of the creator of the deposit.
 

 Counsel for appellee also cite Section 710-120, General Code. This section does not apply to building and loan associations. However, like Section 9648, General Code, which does apply to building and loan associations, it is for the protection of the financial institution and creates no new rights between the depositors.
 

 
 *281
 
 There being no contract between these joint payees, or otherwise, by which a present interest
 
 in the deposit
 
 passed from the creator of the deposit to the beneficiary, and there being no completed gift from the creator of the deposit to the beneficiary, the claim of the executor should be upheld and the judgment of the Court of Appeals reversed.
 

 Bettman, J., concurs in the foregoing dissenting opinion.