*Barclay,* 17 Ohio St., 302, 93 Am. Dec., 620; *Lovelady v. Rhinelander, Exrx.,* 60 Ohio App., 493, 21 N. E. (2d), 1001; *Lovelady* v. *Rheinlander,* 66 Ohio App., 409, 34 N. E. (2d), 788.

The evidence does disclose that the testator at times showed an intense dislike toward the mother of the plaintiffs, and that there was ill feeling between the daughter of testator and the mother of plaintiffs. The evidence as to mental incapacity is limited to developing that the testator at the time of the death of his son and wife was sorely distraught. Such evidence would not justify the trial court in submitting the case to the jury in the presence of the presumptions surrounding the will after its probate.

The judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and HAMILTON, J., concur.

---

STEINER, ADMR., APPELLEE, *v.* FECYCZ, APPELLANT; THE DOLLAR SAVINGS & TRUST CO., APPELLEE.

(No. 2831—Decided July 30, 1942.)

*Messrs. Morgan & Powers,* for appellee, David Steiner, Administrator.

*Mr. H. P. McCoy,* for appellant.

*Messrs. Manchester, Bennett, Powers & Ullman,* for appellee, The Dollar Savings & Trust Company.

NICHOLS, J.   This action came into this court on appeal by Frank Fecycz upon questions of law and fact from the judgment of the Common Pleas Court of Mahoning county wherein David Steiner, as administrator of the estate of Andy Bliseck, deceased, sought to impress a trust upon a joint and survivorship account in The Dollar Savings & Trust Company of Youngstown, the account having been created solely with the funds of Andy Bliseck and later changed to the name of ''Andy Bliseck or Frank Fecycz either/or survivor.''

Plaintiff alleged, in substance, that the defendant Frank Fecycz, by certain false and fraudulent representations made to plaintiff's decedent in his lifetime, obtained the agreement of Andy Bliseck to change his account in the defendant bank to a joint and survivorship account, such false and fraudulent representations being to the effect that Fecycz, upon the death of Bliseck, would withdraw the same solely for the purpose of paying the expenses of the funeral and burial of Bliseck. Plaintiff's petition also alleged that Fecycz, after the death of Bliseck, wrongfully withdrew the sum of $330 from the account, and also without any authority whatsoever, wrongfully and fraudulently obtained payment to him of $250 upon decedent's death benefit certificate in the Ukranian Workingmen's Association.   The petition prayed for personal judgment against Fecycz in the sum of $580 and that the court establish a trust upon the account in The Dollar Savings & Trust Company and for judgment against the bank for the balance in the trust account.

The defendant Fecycz denied the allegations of plaintiff's second amended petition, except as to the formal parts thereof setting forth the appointment of plaintiff as administrator of the Bliseck estate. The Dollar Savings & Trust Company prayed the judgment of the court as to whom it should pay the balance remaining of the joint and survivorship account.

A jury having been waived by the parties and the cause heard to the court, the allegations of plaintiff's second amended petition were found true, with the exception that the defendant Fecycz expended the sum of $318.75 of the money in controversy for the funeral expenses of the plaintiff's decedent, and, further, that the defendant Fecycz had become obligated to the funeral director for the further sum of $125; that under the oral agreement with plaintiff's decedent the defendant Fecycz was constituted a trustee of such account for the sole benefit of plaintiff's decedent while living and for the payment of the funeral expenses upon decedent's death; and that no present interest in the account was vested in Fecycz by plaintiff's decedent.

The court directed the defendant, The Dollar Savings & Trust Company, to pay to plaintiff the balance in the joint and survivorship account and rendered judgment against the defendant Fecycz for the amount withdrawn from the joint account by him and in the amount of $250 withdrawn by him from the Ukranian Workingmen's Association, subject to a credit of the amount expended by Fecycz for funeral expenses and the further amount for which Fecycz had obligated himself to the funeral director.

As stated above, the cause came into this court upon appeal by Fecycz on questions of law and fact, but upon motion being made by plaintiff to dismiss the appeal on questions of fact, it was agreed by counsel

for defendant Fecycz that such motion be sustained and the cause heard herein upon appeal on questions of law only. The agreement of counsel for defendant Fecycz to submit the matter to this court as an appeal on questions of law only prevents this court from hearing and determining the matter *de novo,* and we are now limited to the consideration of two assignments of error as shown by the bill of exceptions; first, is the finding and judgment of the Common Pleas Court contrary to the manifest weight of the evidence, and second, is such finding and judgment contrary to law?

The record, as disclosed by the bill of exceptions, presents a peculiar situation. Although the defendant Fecycz had denied all of the allegations of plaintiff's petition except the appointment of plaintiff as administrator, upon the opening of the trial it was stipulated that he had withdrawn $250 from the Ukranian Workingmen's Association, which sum was due to the estate of Andy Bliseck for funeral expenses. It was further stipulated that the funeral bill and other funeral expenses incurred by Mr. Fecycz amounted to $333.75, of which Mr. Fecycz paid $150.

Plaintiff introduced the evidence of an employee of the auditing department of The Dollar Savings & Trust Company to the effect that Frank Fecycz, after the death of Andy Bliseck, had withdrawn from the joint and survivorship account a total of $330.

From a careful reading of the record, it appears to this court that at the conclusion of plaintiff's case the competent evidence which had been produced by plaintiff was sufficient only to warrant a judgment in favor of the administrator and against Frank Fecycz for the $250 which Fecycz had withdrawn, without any apparent authority, from the funeral benefit payable by the Ukranian Workingmen's Association, there being no competent evidence in the record of plaintiff's case to warrant the court in impressing a trust upon the

joint and survivorship account, but no motion was made by defendant for judgment in his favor at the conclusion of plaintiff's case and the case proceeded to the point that defendant Fecycz offered himself as a witness in his own behalf, from which testimony we think it clearly appears that he did agree with Andy Bliseck, in his lifetime, that he would, if the latter should change his account in The Dollar Savings & Trust Company to a joint and survivorship account in the name of Andy Bliseck or Frank Fecycz, either or the survivor of them, arrange for the funeral of Bliseck and pay the funeral expenses. This arrangement seems to have been carried out by Fecycz after the death of Bliseck, the evidence showing that Fecycz did make all the arrangements for the funeral and burial of Bliseck, paid part of the funeral bill and obligated himself to the funeral director and others for the balance of such expenses.

Of course, if objection had been made thereto, the evidence of Fecycz as to what transpired between him and Bliseck before Bliseck's death must have been excluded by the trial court, but no such objection was made, and the defendant having offered himself as a witness to such transactions can not now complain that such evidence was received by the trial court. The explanation for counsel permitting the defendant Fecycz to testify in his own behalf as to transactions with Bliseck before Bliseck's death lies in the fact that the trial court had erroneously permitted witnesses for plaintiff to testify to conversations they had with Bliseck in his lifetime as to the arrangements Bliseck had made with Fecycz for the payment of his funeral expenses. The trial court was in error in permitting testimony as to such conversations with Bliseck since Fecycz was not present at the time. The error in this respect, however, is not prejudicial due to the admissions made by Fecycz in his own testimony.

This court concludes that there is sufficient evidence in the record to warrant the finding and decree of the Common Pleas Court that the joint and survivorship account was entered into upon the express agreement that Fecycz be a trustee only of this account, for the purpose of paying the funeral and other burial expenses of Bliseck, and that he had no other right, title or interest in the account. We are unable to find that the finding and decree of the Common Pleas Court in this respect is against the manifest weight of the evidence.

The further contention urged by counsel for defendant Fecycz is that the finding and decree of the Common Pleas Court impressing a trust upon the fund in the joint and survivorship account is contrary to law, and we are cited by counsel to the following cases: *Cleveland Trust Co.* v. *Scobie, Admr.,* 114 Ohio St., 241, 151 N. E., 373; *Oleff, Admr.,* v. *Hodapp, Gdn.,* 129 Ohio St., 432, 195 N. E., 838; *Sage, Exr.,* v. *Flueck,* 132 Ohio St., 377, 7 N. E. (2d), 802; *Berberick* v. *Courtade,* 137 Ohio St., 297, 28 N. E. (2d), 636; *Rhorbacker, Exr.,* v. *Citizens Building Assn. Co.,* 138 Ohio St., 273, 34 N. E. (2d), 751; and *Gall* v. *Central Trust Co.,* 57 Ohio App., 168, 12 N. E. (2d), 782.

From these cases, it is contended that Ohio has adopted the so-called contract theory as distinguished from the gift or trust theory. We have examined all of the cited cases.

In *Cleveland Trust Co.* v. *Scobie, supra,* it is clearly indicated in the syllabus that the decision is based upon the fact that ''the record shows that the depositor intended to transfer to the person to whom he made the account jointly payable a present joint interest therein equal to his own.'' There is nothing in the reported decision that indicates the action was one to impress a trust upon the deposit contract, or that any evidence

was produced from which by reason of mistake, fraud or other equitable ground a trust could be declared by the court.

In *Oleff* v. *Hodapp, supra,* there was no pleading or proof to establish a trust, or to impress a trust upon the deposit. The sole claim contra the right of the survivor to the fund was based upon the fact that after the contract the survivor murdered the person who deposited the money in bank in a joint and survivorship account. A different result might have been arrived at if the pleading and proof had been such as to establish the claim that the murderer fraudulently induced the depositor to establish the joint and survivorship account with the wrongful intent to gain possession thereof by murdering the depositor.

In *Sage* v. *Flueck, supra,* the action was one by an executor for discovery of assets. There was no attempt by pleading or proof to impress a trust upon the deposit account.

In *Berberick* v. *Courtade, supra,* there was no attempt by pleading or proof to impress a trust upon the contract. This case merely holds that the rights of the parties were fixed by the contract at the time.

In *Rohrbacker* v. *Citizens Bldg. Assn., supra,* the court found the certificate of deposit was made payable to the depositor for another, or the survivor, "in consummation of the expressed desire and intent" of the owner of the account from which the certificate was converted.

In *Gall* v. *Central Trust Co., supra,* the proceeds of an insurance policy in which plaintiff was a beneficiary were, *by consent of all parties,* paid through a joint check to the plaintiff and decedent, and upon request of decedent a joint account was opened by plaintiff. The bank paid to the administrator of decedent and plaintiff sued bank. The bank claimed the evi-

dence was conclusive that the account was really the property of decedent. The trial court found otherwise and the Court of Appeals affirmed. Nothing in the reported decision indicates an attempt to impress a trust upon the account on any equitable ground.

Not one of the cited cases disputes the written contract on grounds of mistake, fraud or any other equitable ground. We distinguish the case here under consideration from all of the cited cases.

In an able opinion written by Bennett, judge of this court, in the case of *Ferguson* v. *Deuble,* 27 Ohio Law Abs., 533, this court expressed its conviction that the contract creating a joint and survivorship bank account is no more sacred or inviolable than a deed of real estate, a bank account created by will in a single name, or a bill of sale of any personal property. In that case, it was held by this court:

"1. Express trusts may be engrafted upon absolute deeds, devises or deposits by parol evidence.

"2. During the lifetime of the parties to a joint and survivorship account, when the written agreement is silent as to their rights and obligations *inter se,* the parties hold their respective property interests in the deposit and their respective powers over it, in trust for each other, subject to the actual agreement between themselves, and these obligations may be proved by parol and enforced when sufficiently proven.

"3. All of the principles of constructive trusts are applicable to joint and survivorship accounts during the lifetime of the parties, and equity will give relief against mistake or fraud in this field as quickly and fully as it will with respect to any other class of property.

"4. Where there is a dispute between the parties to an agreement with reference to reforming it or upsetting it on the ground of fraud or mistake, there

can be no distinction between the law involved in a case of a contract concerning a joint and survivorship bank account and that involved in any other written transfer of property, whether it be 'accounting' or the device of a 'constructive trust.'

"5. Constructive or resulting trusts which are creatures of equity designed to prevent unjust enrichment through fraud or mistake may be established by parol evidence.

"6. Even a unilateral mistake is ground for relief when the person profiting thereby gives no consideration for that which he has received.

"7. Equity will compel one who has obtained possession of money through actual or constructive fraud to account for it, and will raise a constructive trust on the balance remaining under his control.

"8. A constructive trust will be declared in a situation in which, by reason of his fiduciary position, one acquires an interest in property with respect to which he owes a duty to another."

This court, as presently constituted, is in complete accord with our holding in the case of *Ferguson* v. *Deuble, supra,* and commends to interested parties a reading of the published opinion.

From the whole record before us, it is our conclusion that the judgment of the Common Pleas Court is not manifestly against the weight of the evidence and is not contrary to law; and finding no error therein prejudicial to the rights of the defendant Fecycz, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

CARTER, P. J., and PHILLIPS, J., concur.