LAMBERT, ADMR., APPELLEE, *v.* LAMBERT ET AL.,
APPELLANTS.

(No. 2234—Decided April 17, 1953.)

No appearance for appellee.

*Messrs. Carson & Carson,* for appellants.

WISEMAN, P. J.  This is an appeal on questions of
law from a judgment of the Probate Court of Mont-
gomery County.  The action was one for a declaratory
judgment to determine whether United States bonds,
owned by the decedent, Jeanette Cohen, should be
distributed under the provisions of Section 10503-5,
General Code, commonly known as the half-and-half
statute, or whether such bonds should escheat to the
state of Ohio as provided in Section 10503-4, General
Code.

The factual development is as follows:  Edward G.
Cohen and Jeanette Cohen, husband and wife, as co-

owners acquired 27 United States war savings bonds. The evidence supports the contention that the husband purchased the bonds out of his own funds. On January 31, 1947, Edward G. Cohen died testate, leaving Jeanette Cohen as his surviving spouse. These bonds passed to Jeanette Cohen as the surviving co-owner under the provisions of the bonds and the regulations of the United States Treasury Department. On August 24, 1949, Jeanette Cohen died intestate, without heirs or next of kin, still possessed of 20 of the identical bonds which passed to her as sole and absolute owner upon the death of her husband. There are collateral heirs of the husband who will inherit under Section 10503-5, General Code, if the distribution of such bonds is controlled by that section. It is contended that the bonds came to Jeanette Cohen from her husband ''by deed of gift'' and, therefore, that one-half of such bonds should now be distributed to the husband's sister and nephew, as provided for in Section 10503-5, General Code.

The probate judge, both in his written opinion, a copy of which appears among the papers, and in the judgment entry, found that such bonds escheat to the state of Ohio. In his opinion, the probate judge rejected the deed-of-gift theory and adopted and applied the contract theory. The sole assignment of error is directed to this ruling by the Probate Court.

The principal question for this court to determine is whether, under the facts in this case, the bonds came to Jeanette Cohen by ''deed of gift,'' as provided in Section 10503-5, General Code. We find no reported case in Ohio deciding this precise question. Several different theories—contract, gift or trust—have been advanced in the administration of estates as affecting joint and survivorship bank accounts and United States bonds.

With respect to joint and survivorship bank ac-

counts, this state has adopted the contract theory. *Cleveland Trust Co.* v. *Scobie, Admr.*, 114 Ohio St., 241, 248, 151 N. E., 373, 48 A. L. R., 182; *In re Estate of Hutchison*, 120 Ohio St., 542, 166 N. E., 687; *Oleff, Admr.*, v. *Hodapp, Gdn.*, 129 Ohio St., 432, 195 N. E., 838, 98 A. L. R., 764; *Sage, Exr.*, v. *Flueck*, 132 Ohio St., 377, 379, 7 N. E. (2d), 802; *Berberick* v. *Courtade*, 137 Ohio St., 297, 28 N. E. (2d), 636; *In re Estate of Hatch*, 154 Ohio St., 149, 153, 93 N. E. (2d), 585. In the cases involving joint and survivorship bank accounts, the courts of this state have held that the transaction operates as a contract *inter vivos*, vesting in each owner a present joint interest, and that upon the death of one of the depositors, the survivor succeeds to the balance of the fund by virtue of the contract. A co-owned United States bond presents an analogous situation, and the same general principle of law is applicable.

In *Berberick* v. *Courtade, supra*, the court had before it the question as to whether a joint and survivorship bank account passed "by deed of gift" and became distributable under the provisions of Section 10503-5, General Code, or whether such bank account passed by contract. The court quoted with approval from *In re Estate of Hutchison, supra*, rejected the deed-of-gift theory, and applied the contract theory.

In 1942, the author of this opinion, while serving as probate judge of Montgomery county, in *Laufersweiler, Exr.*, v. *Richmond*, 22 Ohio Opinions, 265, 8 Ohio Supp., 76, rejected the gift theory and applied the contract theory, where the bond was issued to A, payable on death to B. Under a similar state of facts, our Supreme Court, in the case of *In re Estate of DiSanto*, 142 Ohio St., 223, 51 N. E. (2d), 639, adopted the contract theory and held that the contract was entered into between the registered owner and the United

States of America for the benefit of a third person, the designated beneficiary. The bond contract does not require consideration moving between the co-owners to support it. The bond contract is not executory, but executed, and needs no consideration. *Cleveland Trust Co.* v. *Scobie, Admr., supra; Sage, Exr.,* v. *Flueck, supra; Rhorbacher, Exr.,* v. *Citizens Building Association Co.,* 138 Ohio St., 273, 34 N. E. (2d), 751.

The fact that the "donative" portion of a joint and survivorship bank account or United States bond is taxable under the provisions of the Ohio Inheritance Tax Law does not require the application of the gift theory. The right of the survivor to succeed to the interest in the account or bond is taxed by virtue of a specific provision contained in subdivision 5 of Section 5332, General Code.

We do not hold that in a proper case a co-owned United States bond may not be the subject of a gift. In such case, the evidence must show that the donor intended to and did make a completed gift. Some act or conduct on the part of the donor, independent of the contract provisions of the bond and the regulations controlling its payment, showing an intent to make a gift, must be proven. In the case at bar, no evidence of this character was presented. Where reliance is placed solely on the contract provisions of the bonds and the regulations, the bond passes to the surviving co-owner under the contract and not as a deed of gift under Section 10503-5, General Code; and this is true even though the surviving co-owner contributed nothing toward the purchase of the bond. The case of *Speidel, Admr.,* v. *Schaller,* 73 Ohio App., 141, 55 N. E. (2d), 346, is distinguishable from the case at bar on the facts.

A complete answer to the gift theory lies in the fact that to create a valid gift, there must be a delivery *in*

*praesenti* or during the life of the donor which takes effect immediately. The intention of the donor to retain dominion or control over the subject of the gift until his death, at which time it becomes the property of the donee, renders the gift incomplete and void. 20 Ohio Jurisprudence, 25, Section 17.

In the instant case, the husband could have surrendered or converted the bonds or received payment upon his separate request without the consent of his wife as co-owner. Such right of dominion or control renders a gift incomplete.

Our conclusion is the same as that of the trial court, namely, that the interest in the bonds passed to Jeanette Cohen upon the death of her husband, not by deed of gift but under the contract, and, therefore, the provisions of Section 10503-5, General Code, do not control.

Since we find no error in the record prejudicial to the rights of the appellants, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.