540

ATKINSON, Estate of, In re.

Probate Court, Huron County.

No. 20319.

*Messrs. Thornton & Thornton, Mr. Kenneth Thornton,* of counsel, for the exceptor.
*Mr. Joseph F. Dush,* for the executrix.

For further history see *Omnibus Index* in bound volume.

Young, J. This matter arises out of exceptions filed by the widow of the decedent to the inventory and appraisement of his estate. The facts are simple and not in dispute.

The decedent, during his lifetime, made deposits in the Willard United Bank, and took three certificates of deposit, as follows:

1. Certificate of Deposit No. 1403, issued June 25, 1957, in the amount of $5,500.00, registered as follows: "Walter S. Atkinson, P. O. D. Mrs. Patricia Burgeois."

2. Certificate of Deposit No. 1798, issued October 1, 1957, in the amount of $2,000.00, registered as follows: "Walter S. Atkinson, P. O. D. Mrs. Maxine Burdette."

3. Certificate of Deposit No. 1881, issued February 3, 1959, in the amount of $1,000.00, registered as follows: "Walter S. Atkinson, P. O. D. Mrs. Patricia Burgeois."

It is conceded by both parties that the letters "P. O. D.", are an abbreviation meaning "payable on death," and that it was the intent of the decedent that the certificates of deposit should be payable upon his death to the person whose name follows the letters "P. O. D."

On September 30, 1957, the decedent made a will making various provisions, including legacies to Maxine Burdette and Patricia Burgeois, who are his daughters by a former marriage, and specifically providing that his widow, Emma Atkinson, should not share in his estate.

After the death of the decedent, the widow elected to take under the law. The certificates of deposit not being listed in the inventory and appraisement, she filed the exceptions which are the subject of this action.

It is the contention of the widow that these certificates of deposit must be considered as part of the decedent's estate for the purpose of computing her statutory twenty percent exemption, and her share of the decedent's estate.

It is the contention of the daughters that these certificates of deposit passed to them by force of the language in which they were registered immediately upon the death of the decedent, and cannot be considered as being any part of his estate.

The serious problem is whether adding the words "payable on death" to a certificate of deposit is not invalid as being contrary to the statute of wills, Section 2107.03, Revised Code, which provides as follows:

Section 2107.03, Revised Code. METHOD OF MAKING WILL.

"Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

The daughters contend that there is no difference between the certificates of deposit marked "P. O. D." and bank accounts or securities which are listed in the names of two persons or the survivor, which have been held effective to pass

title to the survivor upon the death of a co-owner, even though they were not executed with the necessary formalities to make a testamentary disposition.

There appears to be surprisingly little authority upon this precise point. However, an examination of the cases leads inevitably to the conclusion that the contention of the daughters cannot stand, but that the registration of the certificates of deposit in this case is an ineffectual attempt at a testamentary disposition of the deposits involved.

The precise question has only once been decided in this state, in the case of *Waltbillig* v. *Burke*, 17 Ohio App., 444. In that case the decedent's account in the Employees Saving Fund of the Pennsylvania Lines was marked

"that in the event of my death, all deposits standing to my credit in said Savings Fund, and all interest due thereon shall be paid to my wife Bridget Burke."

The court held that this was invalid as a testamentary disposition, and awarded the deposit to the decedent's administrator, and not to his wife.

There are two other decisions in Ohio which are cited as upholding the contention that a bank deposit which is intended to be paid to one of the depositors upon the death of the other is not valid. *Schmitt* v. *Schmitt*, 39 Ohio App., 219, 28 O. L. R., 521, 177 N. E., 478, is similar on the facts to the present case, in that it is a controversy between the decedent's widow and his daughter over two survivorship bank accounts. The court distinguishes its facts from the case of *The Cleveland Trust Co.* v. *Scobie, Admr.*, 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182, and says,

"In other words, the purpose of this whole proceeding was to prevent the widow of Schmitt from claiming her portion in this property." (39 Ohio App., 225.)

The other case is *In re Morgan*, 28 O. C. A., 222, 40 O. C. C., 101, which was decided prior to the Scobie case (supra), which it closely resembles upon its facts.

There does not appear to be any real question that the essential reasoning of *The Cleveland Trust Co.* v. *Scobie* (*supra*), distinguishes it from the present situation. In deciding that case, the Supreme Court holds (114 Ohio St., 249),

"It is generally held that an intent to transfer a present interest in the fund must be shown."

The Supreme Court notes that the deposit cards were signed by the decedent and his sister, was set up by the decedent in the names of himself and his sister or the survivor, and provided that either might draw upon the account. The court holds that the depositor

"has created in the named party by contract a joint interest in his right to the deposit equal to his own (114 Ohio St., 253).

Similarly, in the case of *In re Hutchison*, 120 Ohio St., 542, 166 N. E., 687, the Supreme Court, in considering the validity of a survivorship clause in a stock certificate says (120 Ohio St., 545 and 546)

"In determining whether a grant intended to take effect upon the death of the grantor is enforceable, we must consider the elements which enter into the transaction. The Court of Appeals was of the opinion that it was an ineffectual effort to make a testamentary disposition. If each of the parties intended to make a gift to the other, unsupported by a consideration, and if the donor retained control over the property in such manner as to recall it at any time during life, and if the claim of the donee rested solely upon such revocable, but unrevoked, gift, we could agree with the conclusion reached by the Court of Appeals. If, on the other hand, this was an agreement supported by an adequate consideration, with complete mutuality, and if neither could have revoked or recalled the grant during lifetime without the consent and concurrence of the other, then a very different question is presented for our determination."

And again, on page 549 of 120 Ohio St., the Supreme Court says,

"It is pertinent in this controversy to inquire whether the interest of Letitia Hutchison in the stock became vested at the time of its purchase. We have no difficulty in resolving this inquiry in the affirmative."

To the same effect are the holdings of the Supreme Court in *Oleff* v. *Hodapp*, 129 Ohio St., 432, 195 N. E., 838, and *Sage* v. *Fluech*, 132 Ohio St., 377, 7 N. E. 2d, 802. In both cases the

court emphasizes the fact that by the contract of deposit a present vested interest was created in the survivor.

It is clear in the present matter that there was no present interest of any kind created in the decedent's daughters by the language used in the certificate of deposit. On the contrary, the words "pay on death" are clearly testamentary.

This situation was considered by Professor Rowley in his article "Living Testamentary Disposition." 3 Cinn. L. Rev. 361. On page 389, he says,

"The court arbitrarily refused to consider that the promise of the bank to A ran to the third party, B, on the ground that such an explanation was virtually a recognition of oral wills. Similar results have been reached by several courts. It is submitted that they are sound in disregarding the technical reasoning when the substance of the transaction is demonstrated to be a testamentary transfer. Only when the third party has a right to make withdrawals during the lifetime of the depositor—whether such right is exercised or not—does a present interest arise in fact."

A hasty search of the authorities outside of Ohio discloses the case of *Vercher* v. *Roy*, 171 La., 524, 131 So., 658, in which the court holds that a certificate of deposit payable to the order of Vercher, or in case of his death to Roy, did not give Roy any right to the proceeds on the death of Vercher, the depositor.

It is therefore the finding of this court that the exceptions to the inventory and appraisement are well taken, and must be allowed. An entry may be drawn accordingly, with exceptions to the executrix.