**EGELHOFF, Gdn., Plaintiff, v. PRESLER, Admx., Defendants.**

Probate Court, Franklin County.

No. 113562.   Decided November 16, 1945.

W. C. Egelhoff, Guardian of Estate of Harry E. Byers, Jr.
A. J. Savage, Columbus, for Administratrix.

### OPINION

By McCLELLAND, J.

Decision on Petition for Determination of Heirship and Motion to Increase Exemption to the Minor Child of Decedent.

This matter comes before the Court upon a petition for the determination of heirship of Harry E. Byers who died a resident of Franklin County and intestate. He left surviving him no widow, but a son of the age of approximately seventeen years. An administrator has been appointed for the estate of the father and a guardian has been appointed for the estate of the minor son.

The facts which are not in dispute, are to the effect that sometime during January 1945, the deceased was murdered, and sometime thereafter his son, Harry E. Byers, Jr., pleaded guilty to murdering his father, the particular plea being to murder in the second degree. It is the contention of the brothers and sisters of the deceased that by virtue of the operation of §10503-17 GC, the son is precluded from inheriting from his father and is also precluded from the benefits of the exemption statute, being §10509-54 GC. The motion filed herein asks that the exemption be increased so as to give the minor child the benefit of the twenty percent of the estate of his father. We will first act upon the motion.

It is the contention of the brothers and sisters of the decedent that the provisions of §10503-17 GC preclude the minor child from receiving the benefits of §10509-54 GC. It is the contention of the Guardian of the minor child that even though the ward has pleaded guilty to murder in the second degree, he still is entitled to the benefits of the exemption.

Sec. 10509-54 GC, provides that when a person dies the surviving spouse or minor child or children shall have certain property which shall not be deemed assets or administered as such. In order that we may have a correct understanding of the purpose of this statute we refer to the comments of the committee which drew the bill and caused it be introduced into the legislature. The comment is as follows:

"Under this new statute, the amount of property exempt from administration in case there is a surviving spouse or minor child of the deceased, has been greatly increased. The purpose of this increase is to partially compensate the spouse for the loss of vested dower rights which have been abolished under §10502-1 GC, and to supplement the other compensatory increase in the distributive share given the spouse by the new statute of descent and distribution, §10503-4."

It is quite obvious that this statute is not a statute of

descent and distribution. It does not appear in the chapter which contains the statutes of descent and distribution. As hereinbefore noted, it is a statute to compensate a surviving spouse for the loss of the vested dower interest. It is a right which grows out of the marriage relation and which has existed in one form or other since the creation of the State of Ohio. This statute has been the subject of interpretation by a number of the courts. The Supreme Court of Ohio in the case of **Davidson v The Miners and Mechanics Savings & Trust Co.**, reported at **129 Oh St 418**, has held:

"The widow's year's allowance and the allowance given her under §10509-54 GC, are a debt and preferred claim, respectively, against her deceased husband's estate, deductible before a determination of the share of the estate to be taken by the widow under the statute of descent and distribution."

One of the Courts of Appeal in the matter of the **Estate of Shive**, reported at **65 Oh Ap 167**, uses the following language:

"The courts of Ohio seem to hold uniformly that this property is not part of the estate but belongs to the surviving spouse by virtue of the marriage relation, and that a fiduciary is not entitled to compensation on the property included in the exemption."

This Court, in the case of **McDonald v. McDonald**, reported in **5 O O 132**, has held that the unpaid portion of the exemption payable in money constitutes a claim against the estate of such a character as to justify a fiduciary in selling the real property for the payment of same.

As we have heretofore noted, the statute under investigation was enacted for the purpose of supplementing the loss of the vested dower right. It is to be noted also that the statute provides for minor children in case there is no surviving spouse. It seems to be the policy of the legislature to permit the minor child or children to take the benefits of the exempted property directly by substitution in case the deceased left no spouse surviving him.

A number of the courts have held that the portion of the exemption payable in money is not only a preferred claim but is a charge upon the estate to that extent.

"The sum allowed to the widow under §10509-54 GC, is a

charge on the real estate prior only to the claims of unsecured creditors."

**Dillman v Warner, 7 O O 492**

"By virtue of §10509-54 GC, the administrator of a surviving spouse is entitled to a lien upon the real property of her predeceased spouse for the balance in money over the appraised value of the personal property of such predeceased spouse selected by such surviving spouse in her lifetime, so as to make up the maximum allowance under the statute even though no further selection has been made by such surviving spouse."

**Stetson v Hoyt, 139 Oh St 345**
**22 O O 390**

"By §10509-54 GC, the legislature has created a right in favor of a surviving spouse against the estate of the deceased spouse in a certain amount, with the privilege of selecting personal property of the estate to satisfy the same, in whole or in part; and where a selection is made in part, a charge for the difference is created on all the property belonging to the estate, without further action on the part of the surviving spouse."

**Stetson v Hoy, 68 Oh Ap 366**
**23 O O 39**

It is quite apparent that the Supreme Court of Ohio took the same position as the Court of Appeals in determining the character of such a claim.

It is to be noted that §10503-17 GC, is a penal statute. It is the general rule of law that penal statutes shall be strictly construed and shall not be construed to give a broader operation than that plainly indicated by the language of the statute. We therefore are unable to give this statute a broader application than indicated by its plain terminology. We must therefore conclude that even though the son has pleaded guilty to the murder of his father in the second degree, the statute cannot be so construed as to deprive the son of the benefits of §10509-54 GC. Under that statute, there being no surviving spouse, and he being the only child, is entitled to the full exemption of $1000.00, but not to exceed twenty percent of the estate of his father.

We next come to the matter of the determination of heirship. **Sec. 10503-17 GC**, is in words as follows:

"No person finally adjudged guilty, either as principal or accessory, of murder in the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, whether under the provisions of this act relating to intestate succession, or as devisee or legatee, or otherwise under the will of such person; nor shall such person inherit or take any real of personal estate of any other person as to which such homicide terminated an intermediate estate, or hastened the time of enjoyment. With respect to inheritance from or participation under the will of the person killed, the person so finally adjudged guilty of murder in the first or second degree shall be considered as though he had preceded in death the person killed. Such adjudication shall not affect the rights of an innocent purchaser of any such property if the purchase was made prior to the time the murderer was finally adjudged guilty. A pardon shall restore all such rights, but shall not affect the rights of an innocent purchaser of any such property."

It is the contention of the Guardian of the minor child that the statute is in violation of **Article 1, Section XII, of the Ohio Constitution,** which provides as follows:

"No person shall be transported out of the state, for any offense committed within the same; and no conviction shall work corruption of blood or forfeiture of estate."

It is the opinion of this Court that the aforementioned section is not in violation of the constitutional provision hereinbefore quoted. It is to be noted that §10503-17 GC, is a part of the inheritance statutes and is found in the same chapter on inheritance.

The other sections on inheritance define how real and personal property shall descend when the owner therof dies intestate. **Sec. 10503-17 GC**, contains this language:

"No person finally adjudged guilty, either as principal or accessory, of murder in the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, whether under the provisions of this act relating to intestate succession, or as devisee or legatee, or otherwise, under the will of such person; * * *"

It is to be noted that a person adjudged guilty of murder in the first or second degree, shall not be entitled to inherit. It does not provide that one shall be divested of property which he has inherited. It simply prevents an inheritance. It may be argued that in case an owner of property was murdered, no one would know who committed the murder, but this section only applies to the murderer himself. The murderer certainly knows who the murderer was at the time the act was committed. He is charged constructively with knowledge of the law, and when one commits a murder on one from whom he would otherwise inherit, he knows at the time that he is not an heir to his estate and therefore the estate of his ancestor never vests in him. For that reason we feel that the statute hereinbefore quoted is not in violation of the constitutional provision above referred to, and on the conviction of the son on his plea of second degree murder, he is not entitled to inherit any part of the estate of the father, and that in the absence of a surviving spouse and parents, the brothers and sisters, whether of the whole or the half blood, of the deceased, constitute his heirs and are entitled to the net estate on distribution.

An order may be drawn accordingly.