IN RE ESTATE OF FIORE: FIORE, ADMR., APPELLEE, *v.* DEPRIMA, APPELLANT.

(No. 47426—Decided June 8, 1984.)

*Messrs. Berkman, Gordon, Murray & Palda, Mr. Larry S. Gordon* and *Mr. Ira S. Goffman,* for appellee.

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

NAHRA, P.J. The facts of this case were stipulated by the parties. Appellant Charles DiPrima, Jr. pleaded no contest to a charge of murder under R.C. 2903.02 and was found guilty of the murder of Leonard Fiore, deceased. Prior to his death, appellee's decedent and appellant maintained savings account No. 00-00-91394 at Women's Federal Savings and Loan Association, which account was designated as follows:

"Mr. Charles DiPrima, Jr., and Mr. Leonard Charles Fiore, as joint tenants with the rights of survivorship and not as tenants in common and not as tenants by the entirety."

On November 5, 1977, the date of decedent's death, there was on deposit in said joint savings account the sum of $5,088.55, which account accrued interest at the rate of 5.25 percent per an-

num until June 30, 1979 and 5.50 percent per annum thereafter. Although Leonard Charles Fiore, Jr. (the decedent) and appellant made cash deposits to the joint and survivorship savings account, the parties hereto are unable to demonstrate how much of the total each party contributed to the account.

On August 24, 1982, appellee Leonard Fiore, Sr., administrator of the estate, sought an order declaring all funds on deposit in a joint and survivorship account in the names of appellant and appellee's decedent to be the property of the estate to the exclusion of appellant. The referee found appellant had been convicted of the decedent's murder, and thus was barred by R.C. 2105.19 from benefitting in any way from the death of appellee's decedent. Appellant was found not entitled to share in any funds on deposit in the joint and survivorship account.

Appellant filed objections and exceptions to the referee's report. After oral argument on the objections, the lower court entered judgment, adopting the referee's findings and recommended order. Appellant has appealed, assigning four errors.

"I. The probate court committed prejudicial error in entering judgment in favor of the appellee based upon his [appellant's] conviction which was based upon a plea of no contest."

We fail to see how appellant can assign as error a judgment based upon a fact stipulated by appellant. Appellant stipulated that he had been found guilty of murder under R.C. 2903.02. The fact that appellant pled "no contest" is irrelevant under R.C. 2105.19, which stated (in 1977) in part:

"(A) No person who is convicted of or pleads guilty to a violation of or complicity in the violation of section 2903.01, 2903.02, or 2903.03 of the Revised Code shall in any way benefit by the death. All property of the decedent, and all money, insurance proceeds, or other property or benefits payable or distributable in respect of the decedent's death, shall pass or be paid or distributed as if the guilty person had predeceased the decedent."

What matters is only the "fact of conviction," and appellant has stipulated he was convicted of the decedent's murder. Since appellant stipulated to a conviction under R.C. 2903.02, the fact of that conviction was properly before the referee and could properly be considered by the referee in his report and the court in its decision.

"II. The probate court committed prejudicial error in awarding the appellee all of the proceeds of the joint and survivorship account."

"IV. The court committed prejudicial error in awarding the entire proceeds of the joint and survivorship account to the estate of Leonard Fiore."

As these assignments address the same issues, they will be considered together.

We read R.C. 2105.19 to mean what it says — that a person convicted of murder shall not *in any way* benefit by the death. Absent this statute, where two parties had an equal right to the proceeds of a joint and survivorship account, and one murdered the other, the murderer would benefit by extinguishing the decedent's rights in the account, vesting the sole right in the whole account in himself. Such a result is prohibited by the statute. The language of the statute covers *all* property and *all* benefits payable in respect of decedent's death and is not limited to property that descends according to intestate succession laws or passes by will.

The statute also states that all money or other property or benefits payable or distributable in respect of decedent's death shall pass or be paid as if the guilty person had predeceased the decedent. The decedent's interest in and rights to the money in the joint and survivorship account is a benefit payable or

distributable in respect of the decedent's death, since, only upon decedent's death is his right to the funds in the account terminated and the sole right to those funds passed to the survivor. The statute in such situations treats the guilty person, appellant here, as if that guilty person had predeceased the decedent. If appellant is considered to have predeceased the decedent, then for purposes of this statute, the decedent would be treated as the survivor, entitled to the whole account. Appellant thus has no right to any of the proceeds of the account.

Appellant's reliance on *Hodapp* v. *Olaff* (App. 1934), 17 Ohio Law Abs. 543, affirmed *sub nom. Oleff* v. *Hodapp* (1935), 129 Ohio St. 432 [2 O.O. 409], is misplaced. *Hodapp* dealt with a joint and survivorship account for Tego and Apostol. Apostol was killed by one Gabriel Diskos, who was convicted in Greece of murder. Tego was found guilty in Greece of being the "moral author of the crime." The Supreme Court of Ohio held that no statutory law in Ohio deprived Tego of his right, as survivor, to the account, so Tego was entitled to the funds in the account. 129 Ohio St., at 438. G.C. 10503-17,[1] the predecessor of R.C. 2105.19, was not then in effect, but the court stated that even if G.C. 10503-17 had been in effect, it would not have affected Tego's rights. 129 Ohio St., at 437.

Appellant's reliance on *Hodapp* is misplaced because G.C. 10503-17 dealt only with property passing by will or descending by intestate succession. R.C. 2105.19 is broader, prohibiting a murderer from benefitting in any way and covering *all* types of property, money or benefits distributable in respect of a decedent's death. Also Tego was found guilty in Greece only of being the "moral author of the crime," which is not necessarily the same as a conviction for first or second degree murder. The broader coverage of R.C. 2105.19 and the factual peculiarities of *Hodapp* make the Supreme Court's decision unpersuasive as far as the present case is concerned.

Appellant also contends that R.C. 2105.19 violates Section 12, Article I of the Ohio Constitution by forfeiting his property as a result of his conviction. We disagree. In *Egelhoff* v. *Presler* (P.C. 1945), 44 Ohio Law Abs. 376, at 380-381 [32 O.O. 252] the Probate Court of Franklin County held that G.C. 10503-17, the predecessor of R.C. 2105.19, was not unconstitutional because the statute only prevented the murderer from inheriting property, rather than divesting him of such property. While a joint and survivorship account creates a present, vested joint interest in the parties, *Eger* v. *Eger* (1974), 39 Ohio App. 2d 14, 20, [68 O.O.2d 150] the right to be the survivor and absolute owner of the account is not vested, but is clearly contingent upon outliving the other party. It is difficult to understand how an agreement to pay the survivor could be vested before there was a survivor and when either

---

[1] G.C. 10503-17 (114 Ohio Laws 320, 342-343) provided:

"No person finally adjudged guilty, either as principal or accessory, of murder in the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, whether under the provisions of this act relating to intestate succession, or as devisee or legatee, or otherwise under the will of such person; nor shall such person inherit or take any real or personal estate of any other person as to which such homicide terminated an intermediate estate, or hastened the time of enjoyment. With respect to inheritance from or participation under the will of the person killed, the person so finally adjudged guilty of murder in the first or second degree shall be considered as though he had preceded in death the person killed. * * *"

party had full power at any time before that time, by withdrawals, to extinguish any rights of the other party. *Bauman* v. *Hogue* (1953), 160 Ohio St. 296, 301 [52 O.O. 183]. The murder was the very act that removed the condition precedent—outliving the decedent—upon which appellant's ability to enjoy the rights as survivor hinged. Denying appellant recovery of the account funds does not take away a vested right because of the crime; allowing defendant to recover would amount to giving a vested right because of the crime.

These assignments of error are without merit.

"III. The judgment of the probate court is contrary to law as Section 2105.19 of the Ohio Revised Code violates provisions of both the Ohio and United States Constitutions."

Appellant contends R.C. 2105.19 impairs the obligation of contracts. We disagree. The provisions against impairment of contracts is not absolute. *United States Trust Co. of New York* v. *New Jersey* (1977), 431 U.S. 1. The provisions against impairment of contracts must bow to valid police power legislation designed to protect the public health, safety and welfare. *Ohio Edison Co.* v. *Power Siting Comm.* (1978), 56 Ohio St. 2d 212, 217-218 [10 O.O.3d 371]; *Akron* v. *Pub. Util. Comm.* (1948), 149 Ohio St. 347 [37 O.O. 49], at paragraphs three and four of the syllabus. Such legislation need only bear a real and substantial relation to the public health, safety or welfare and not be arbitrary or unreasonable. *Ohio Edison Co.* v. *Power Siting Comm., supra*, at 217-218; *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103 [4 O.O.2d 113]. We have no difficulty in finding the statute constitutional and upholding the legislature's determination that a statute preventing a murderer from benefitting from his wrong is reasonable and bears a real and substantial relationship to the public health, safety and morals. Appellant's argument has done nothing to convince us otherwise.

The decision of the lower court is affirmed.

*Judgment affirmed.*

PRYATEL and PATTON, JJ., concur.