**In re ESTATE OF WOLFE.**

[Cite as *In re Estate of Wolfe* (1991), 71 Ohio App.3d 501.]

Court of Appeals of Ohio,
Wood County.

No. WD–90–47.

Decided March 22, 1991.

*Gary A. Breier,* for appellant estate of Mae R. Wolfe.

*James R. Atkinson,* for appellee guardian ad litem.

MELVIN L. RESNICK, Judge.

This is an appeal from an April 20, 1990 judgment of the Wood County Court of Common Pleas, Probate Division, which ordered $15,000 from the joint assets of Mae R. Wolfe, decedent, and Robert C. Wolfe to be held by the trustee, Frederic Matthews, in a related civil action, case No. 89–CIV–469, for the purpose of payment of a criminal fine and court costs imposed upon Robert C. Wolfe as a result of his conviction for the murder of Mae R. Wolfe.

Appellant, the estate of Mae R. Wolfe, has set forth the following assignments of error:

"I. The Probate Court erred by withholding the amount necessary from estate assets to pay the Judgment and Execution in the amount of Fifteen Thousand Dollars ($15,000.00) and Court costs in Case No. 89–CR–345.

"II. The Probate Court erred by delegating its authority over the estate assets in this case to the Court of Common Pleas."

The facts giving rise to this appeal are as follows. On October 23, 1989, Mae R. Wolfe was murdered in her home. Her husband Robert C. Wolfe was subsequently indicted and convicted of that murder.[1]

On October 25, 1989, appellant filed an application to probate the will of Mae R. Wolfe in the Wood County Court of Common Pleas, Probate Division, and concomitantly filed a motion for prejudgment attachment of all property jointly held by the decedent and Robert C. Wolfe in a civil case, case No. 89–

---

1. Appellant requested consolidation of the criminal case of Robert C. Wolfe and the instant case on appeal. This court denied the motion for consolidation. See *State v. Wolfe* (June 12, 1990), Wood App. No. WD–90–46, unreported. Any facts stated in this case which relate to Robert C. Wolfe's conviction are taken from that decision.

CIV–469.[2] It is alleged that the motion for prejudgment attachment was granted and that a subsequent motion to vacate that attachment was denied on March 16, 1990.[3]

On March 25, 1989, the trial court filed a journal entry admitting Mae R. Wolfe's will to probate. Inventories and appraisals of the estate were duly filed. Florine Wolfe, guardian of Robert C. Wolfe, was the only party to file exceptions to the inventory.

On March 9, 1990, appellant filed, in this case, pursuant to R.C. 2105.19, a motion to recover assets which were allegedly transferred out of a joint account by Robert C. Wolfe. Appellant further requested that the probate court find that all of the assets of Robert C. Wolfe and Mae R. Wolfe which were joint assets prior to Mae R. Wolfe's death be found assets of the estate of Mae R. Wolfe.

On March 20, 1990, the Wood County Court of Common Pleas sentenced Robert C. Wolfe in his criminal case to a period of fifteen years to life for murder and imposed a fine of $15,000. Upon sentencing and imposition of the fine, the court in the criminal case ordered that the fine and costs be levied against the property held by the trustee in the civil case No. 89–CIV–469. At that time, the monies and other assets within the control of the trustee were subject to the prejudgment attachment issued by Judge Donald DeCessna.[4]

On April 18, 1990, the probate court conducted a hearing on appellant's motion to recover assets and on Florine Wolfe's exceptions to the inventory. On April 20, 1990, Probate Judge Robert Pollex filed a journal entry which approved an agreement of the parties as to which assets belonged to the estate and those assets which were properly guardianship assets, *i.e.*, assets which belonged to Robert C. Wolfe. The court made several orders as to the transfer of these assets. In addition, however, the court, in deference to the prior order of Judge Donald DeCessna's imposition of the $15,000 fine and costs in the criminal case, gratuitously added to said consent entry that the trustee should withhold the sum of $15,000 and court costs until further order from Judge Donald DeCessna. A reading of the consent entry demonstrates that the only assets determined to properly belong to Robert C. Wolfe were

---

**2.** No record of case No. 89–CIV–469 has been filed in this case and we will accept this statement of fact only because it is not refuted in appellee's brief and because it is stated as a fact in both the journal entry in this case and the journal entry in the criminal case. See fn. 1.

**3.** This is based on the judgment entry from which this case is on appeal.

**4.** It is apparent from the record that the civil action, case No. 89–CIV–469, had been assigned to Judge Donald DeCessna and that he had appointed the trustee to manage all assets of Robert C. Wolfe.

his personal clothing and jewelry. In effect, the money ordered by the probate court to be withheld by the trustee for further disposition by Judge Donald DeCessna was money that would have otherwise been transferred to the estate of Mae R. Wolfe.

Before addressing appellant's assignments of error, we must comment upon the only argument asserted in appellee's brief. In that argument, appellee does not attempt to rebut appellant's contentions. Rather, appellee, who is the guardian ad litem for Robert C. Wolfe, asserts that neither the probate court nor any other court determined which assets were subject to the jurisdiction of the probate court and which assets were the individual property of Robert C. Wolfe. Appellee asks this court to remand this case for such a determination.

■ First, we note that appellee failed to file any notice of cross-appeal. Thus, on this basis only, this court could ignore his assertions as to the estate assets. See App.R. 4(A); *Kaplysh v. Takieddine* (1988), 35 Ohio St.3d 170, 519 N.E.2d 382. Second, the probate court's judgment entry reads, in pertinent part:

"The matter came on for hearing on this 18th day of April, 1990. Appearing on behalf of the executrix of the estate of Mae Wolfe was Gordon Huffman, Esq. on behalf of the guardianship was James Petlow, Esq. Also appearing on behalf of the ward, Robert Wolfe, was guardian ad litem James Atkinson, Esq., and as trustee in Civil Case No. 89–CIV–469, was Frederick [*sic*] E. Matthews, Esq. The Court heard arguments of all counsel who were basically in agreement as to which assets were estate and those assets which properly were guardianship assets. The Court finds that the agreement of the parties should be made an order of this Court."

The court then entered orders which, in essence, found all of the assets, except Robert C. Wolfe's personal clothing and jewelry, to be estate assets and proceeded to distribute those assets. These assets were set forth in greater detail in the inventories and appraisals filed by the parties. In view of the fact that appellee was present at the hearing below and admits in his brief that the court's entry of April 20, 1990 was a consent entry, we decline to consider any arguments relative to any alleged error in the determination of the estate assets.

We shall consider appellant's second assignment of error first. In that assigned error, appellant contends that the probate court lacked the requisite jurisdiction to order that Robert C. Wolfe's criminal fine be paid from the assets of the estate of Mae R. Wolfe.

■ Because a probate court is a court of limited jurisdiction, it can exercise only those powers conferred upon it by the Ohio Constitution and by

statute. *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 34, 22 OBR 27, 28, 488 N.E.2d 210, 212. See, also, *Corron v. Corron* (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708, 710. Those matters which are properly before a probate court are enumerated and limited in R.C. 2101.24. Here the matter placed before the court was the will of Mae R. Wolfe and the administration of distribution of her estate. R.C. 2101.24(C) provides that a probate court has plenary power at law and in equity to dispose of any matter *properly before it,* unless that power is expressly denied or limited by a section of the Revised Code. Therefore, the probate court also had the jurisdiction to determine whether R.C. 2105.19 was applicable in this case and, if so, the effect that the application of the statute had upon the assets of the estate and the distribution of those assets. *In re Estate of Fiore* (1984), 16 Ohio App.3d 473, 16 OBR 555, 476 N.E.2d 1093.

■ No dispute exists as to the fact that Robert C. Wolfe was convicted of murder, a violation of R.C. 2903.092. Therefore, the probate court treated Wolfe as though he had predeceased his wife and deemed all property of Mae R. Wolfe, including jointly held property, to be part of her estate and, thereby, subject to administration and distribution under the provisions of her will. However, the criminal fine imposed by the court of common pleas as a result of Wolfe's conviction was not a matter properly before the probate court. That is, the court possessed the requisite jurisdiction to determine the assets of Mae R. Wolfe's estate and did so, but that court did not have the jurisdiction, after finding that all of the assets involved in the prejudgment attachment were part of said estate, to order the trustee of appellee's estate to retain a portion of Mae E. Wolfe's assets in order to satisfy a claim which did not relate to her estate. See *Corron, supra,* 40 Ohio St.3d at 79, 513 N.E.2d at 712 (discussing cases which delineate the parameters of a probate court's subject matter jurisdiction). Accordingly, we find that the probate court lacked the jurisdiction to order the trustee in civil action No. 89–CIV–469 to retain $15,000 of Mae R. Wolfe's property to pay a fine unrelated to the administration and distribution of her estate. Appellant's second assignment of error is found well taken.

■ While appellant's first assignment of error is essentially rendered moot by our disposition of the second assigned error, it is the duty of this court to pass upon all of an appellant's assignments of error. See App.R. 12(A); *Criss v. Springfield Twp.* (1989), 43 Ohio St.3d 83, 538 N.E.2d 406. Contra *Hansen v. Hansen* (1985), 21 Ohio App.3d 216, 219, 21 OBR 231, 233, 486 N.E.2d 1252, 1254. We shall, therefore, address appellant's first assignment of error.

Appellant asserts that R.C. 2105.19 prevents a person who is convicted of murder from benefiting, *in any way,* from the death of his victim. Thus,

appellant contends that allowing the trustee of Robert C. Wolfe to retain $15,000 of Mae R. Wolfe's estate for the payment of his criminal fine is in contravention of the statute.

R.C. 2105.19(A) provides, in relevant part:

"Except as provided in division (C) of this section, no person who is convicted of, pleads guilty to, or is found not guilty by reason of insanity of a violation of or complicity in the violation of section 2903.01, 2903.02, or 2903.03 of the Revised Code * * * shall in any way benefit by the death. All property of the decedent, and all money, insurance proceeds, or other property or benefits payable or distributable in respect of the decedent's death, shall pass or be paid or distributed as if the person who caused the death of the decedent had predeceased the decedent."

The public policy underpinning this statute prevents a convicted murderer from receiving *any* benefit from the death of his victim.

Thus, in this case, the probate court properly treated Robert C. Wolfe as if he had predeceased Mae R. Wolfe. The will of Mae R. Wolfe, which was the only relevant document before the probate court, provides that in the event that Robert C. Wolfe predeceased Mae R. Wolfe her entire estate is devised to their children. Hence, the realty, personalty, money, insurance or any other benefits deemed by the court to be a part of decedent's estate could not be used to benefit Robert C. Wolfe because he had no right to any of the proceeds of her estate. *Fiore, supra.* That property, excepting court costs and any awarded attorney fees, can be distributed only to those devisees specified in the decedent's will. The payment of the criminal fine is a benefit to Robert C. Wolfe. By ordering the trustee of his estate to withhold $15,000 of the decedent's estate to pay that fine, the trial court violated the mandates of R.C. 2105.19. Appellant's first assignment of error is also found well taken.

On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Wood County Court of Common Pleas, Probate Division, is reversed, as to the disposition of the $15,000. In accordance with App.R. 12(B), this court now enters the judgment, as a matter of law, which should have been entered by the trial court. The trustee, Fredric Matthews, is, hereby, ordered to transfer the $15,000 to the estate of Mae R. Wolfe. This cause is remanded to the probate court for the purpose of entry of this judgment. Costs of this appeal assessed to appellee.

*Judgment reversed.*

GLASSER and ABOOD, JJ., concur.