OPINION
Plaintiffs-appellants, Alice Gray and Hollie McLean, appeal a decision of the Butler County Court of Common Pleas granting summary judgment to defendant-appellee, State Farm Insurance Company ("State Farm"), on a declaratory action to determine underinsured ("UIM") coverage.
McLean was riding as a passenger in a vehicle operated by Christina Schuller. An accident occurred when Schuller made a left-hand turn in front of a vehicle driven by Benjamin Kiman. McLean suffered injuries as a result of the accident. Progressive, Schuller's insurer, paid McLean $50,000, which was the liability limits of the policy. Kiman was also insured with Progressive, who paid the $25,000 policy limits of Kiman's policy to McLean.
At the time of the accident, McLean was a minor and resided with her mother, Alice Gray. Gray had an insurance policy with State Farm that provided uninsured/underinsured motorist coverage limits of $100,000 each person/$300,000 each accident. State Farm authorized the settlement with Kiman and Schuller, and paid an additional $25,000 to McLean and Gray. State Farm contended that $25,000 was its total liability under the UIM coverage provided in the policy.
Appellants filed a complaint contending that they were entitled to additional compensation under the policy. Appellants claimed that because there were two tortfeasors, they should be able to collect the per person coverage from each individual tortfeasor. They argued that the per person limitation should apply to each tortfeasor separately, not jointly.
State Farm filed a motion for summary judgment contending that it had already paid the limits of the UIM coverage due under the policy. State Farm argued that under the terms of the policy it was only obligated to pay the per person limit of $100,000. State Farm argued that when the $75,000 appellants had already received from the tortfeasors was set off from the $100,000 per person limit, it was only obligated to pay $25,000. The trial court agreed with State Farm and granted summary judgment in the insurance company's favor.[1]
Appellants now appeal the trial court's decision to grant summary judgment and raise the following single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING STATE FARM'S MOTION FOR SUMMARY JUDGMENT.
Appellants argue that "where a [p]laintiff is injured by the joint negligence of two separate and independent tortfeasors, underinsured motorist coverage is available to [p]laintiff subject to her per accident limit and the per person limit as to each underinsured motor vehicle tortfeasor." Essentially, appellants argue that they should be allowed to collect the $100,000 UIM coverage limit from each tortfeasor. As support, appellants rely on Motorists Mutual Ins. Co. v. Tomanski
(1971), 27 Ohio St.2d 222.
Recently, this court addressed a similar argument. In Roberts v.Allstate Insurance Co. (Dec. 17, 2001), Butler App. No. CA2001-06-133, unreported, the plaintiff was injured by the negligence of two tortfeasors. He argued that he had a separate claim for UIM benefits as to each tortfeasor. Id. This court found that Tomanski was not dispositive of the issue and turned to the language of the policy to determine coverage. The court examined the language of the policy and found that the anti-stacking, reduction and limits of liability provisions in the policy precluded recovery of separate policy limits for each tortfeasor. Id.
An examination of the language of the State Farm policy at issue in the present case reveals that it contains language similar to that of the policy in the Roberts case. First, consistent with R.C. 3937.18(H), the policy contains language that limits State Farm's liability to the per person policy limits. The policy states that the amount of coverage listed under the "Each Person" limit is "the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to bodily injury to one person." R.C. 3927.18(H) provides that "[a]ny such policy limit shall be enforceable regardless of the number of insureds, * * * or vehicles involved in the accident." Since McLean was the only person who suffered bodily injury in the accident, this provision limits appellants' total recovery for the accident to the $100,000 per person limit. See Clark v. Scarpelli (2001),91 Ohio St.3d 271.
In addition, the State Farm policy provides anti-stacking language consistent with R.C. 3937.18(G). The policy provides the following language:
 If the insured sustains bodily injury while occupying a vehicle not owned by you and such vehicle is described on the declarations page of another policy providing similar coverage, or its driver is an insured on another policy, this coverage applies:
 (1) as excess to any similar coverage which applies to the vehicle or its driver as primary coverage; but
 (2) only in the amount by which it exceeds the primary coverage.
Thus, pursuant to this provision, State Farm policy limits appellants' recovery for uninsured motorist benefits to the amount by which the limit of liability exceeds the tortfeasor's policy.
Finally, the State Farm policy contains reduction language that reduces the amount payable by the amounts paid by parties who are legally liable. This provision states:
 [T]he most we pay for all damages arising out of and due to bodily injury to one person is * * * the difference between the `each person' limits of liability of this coverage, and the amount paid for that bodily injury by or for any person or organization who is or may be held legally liable for the bodily injury * * *.
 Thus, according to this provision, the $100,000 per person policy limit is reduced by the $75,000 paid by Progressive on behalf of Schuller and Kiman.
After considering the policy language, including the limits of liability, anti-stacking and reduction language, we find that the State Farm policy limits appellants to the $100,000 per person limit and that amount is reduced by the $75,000 paid to appellants on behalf of the tortfeasors. Thus, State Farm has satisfied its liability under the UIM provision of its policy by payment of $25,000 to appellants. We find no merit to appellants' argument that the limits of liability should apply separately to each tortfeasor.
Next, appellants argue that application of R.C. 3937.18, as amended by Senate Bill 20, is unconstitutional. Specifically, appellants contend that R.C. 3937.18 violates both the state and federal constitutional provisions against limitations on the power of parties to contract.
As relevant to appellants' argument, R.C. 3937.18 provides:
 Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident.
 Appellant contends that this language forbids an insurance company from providing excess insurance, despite the fact that policy language defines UIM coverage as excess insurance to any other applicable insurance. Appellant also contends that "there is no rational reason why an insurance company could not sell excess uninsured/underinsured motorist coverage if it wished."
Appellants do not provide any detail, case law, or further explanation beyond vague and theoretical arguments to support this argument.[2] SeeMiddletown v. Ferguson (1986), 25 Ohio St.3d 71, 77 (an inquiry into a contract clause violation has three distinct components: whether there is a contractual relationship, whether a change in the law impairs that contractual relationship and whether the impairment is substantial).
The Ohio Supreme Court has stated that "[a]lthough the Contract Clause appears literally to proscribe `any' impairment, * * * the prohibition is not an absolute one and is not to be read with literal exactness like a mathematical formula." Id. "The provisions against impairment of contracts must bow to valid police power legislation designed to protect the public health, safety and welfare." In re Estate of Fiore (1984),16 Ohio App.3d 473, 476. The legislation need only bear a real and substantial relation to the public health, safety or welfare, and must not be arbitrary or unreasonable. Id.
"R.C. 3937.18 places a statutory obligation on all motor vehicle liability insurers to offer uninsured/underinsured motorist coverage. To this extent, the parties' freedom to contract is superseded in furtherance of important public policy concerns. In placing this obligation on insurers, the General Assembly dictates the terms of the mandatory offering of uninsured/underinsured motorist coverage." Beaglev. Walden (1997), 78 Ohio St.3d 59, 64. The public policy behind requiring underinsured motorist coverage is to assure that an injured person receive at least the same amount of compensation whether the tortfeasor is insured or uninsured. Clark v. Scarpelli (2001),91 Ohio St.3d 276. We find no merit to appellants' argument that R.C.3937.18, as amended by Senate Bill 20 violates the Contract Clause of the Ohio or United States Constitution. Appellants' assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] Appellants previously appealed the trial court's decision and we remanded the case for a determination of whether Senate Bill 20 applied to the facts of this case. Gray v. State Farm Insurance Companies (Apr. 2, 2001), Butler App. No. CA2000-08-167, unreported. On remand, the parties stipulated that the inception date of the policy was March 23, 1995. The trial court determined that Senate Bill 20 governed resolution of the case, and readopted and incorporated its previously written decision granting summary judgment to State Farm.
[2] We note that appellants are free to contract for higher limits of liability on their UIM coverage if they desire. A higher limit of liability would provide appellants the level of coverage they now seek to obtain.